UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Tommie Leon Pixley, | ) C/A No. 6:10-1451-JFA-KFM |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Phil Anders, 5093; Otis L. Jackson, 5495; M. Powell, 4123; William Zeigler, 4985; Gary Benfield, 4995; Nurse Kelly; Nurse Angie; Nurse Cathy Brown; Captain Charles Baranco, Aiken County Sheriff Office, | ) |
| Defendants. | ) |

The plaintiff, Tommie Leon Pixley ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] The plaintiff is a detainee at Aiken County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names employees at the detention center, as well as officers of the Aiken County Sheriff's Office, as defendants.[2] The complaint claims "violations of constitutional rights" and "medical malpractice." The plaintiff seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

This court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

2

to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

The plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

First, the plaintiff claims his rights were violated when he requested information from the law library at the detention center and he was told "we do not have a law library." Docket No. 1 at 3. The plaintiff's allegations relating to the lack of access to a law library at the Aiken County Detention Center do not raise a cognizable § 1983 claim. The United States Court of Appeals for the Fourth Circuit has ruled that a local jail is not constitutionally required to maintain a law library to comply with the right to access the courts. *See Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). The holding in *Magee* is based on the knowledge that county jails are generally short-term facilities, wherein "'the brevity of confinement does not permit sufficient time for prisoners to petition the courts.'" *Id.* at 452. Further, the United States Supreme Court has held that an inmate alleging

3

denial of court access must demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Specific allegations must be made as to the actual injury sustained by the plaintiff claiming infringement of his right of access to the courts. *See Cochran v. Morris*, 73 F. 3d 1310, 1317 (4th Cir. 1996)(Plaintiff failed to identify any actual injury resulting from official conduct). The complaint fails to state an actual injury suffered by the plaintiff in relation to his access to courts claim. Accordingly, the complaint fails to state a claim for violation of the plaintiff's right of access to the courts.

The plaintiff's second claim involves medical treatment he received at the detention center. He claims defendants Nurse Kelly and Nurse Angie gave him "the wrong medication" causing injury to his nose. Docket No. 1 at 3. The plaintiff alleges he was given antibiotic ointment for use inside his nose, when the medication is intended for external use only. He also alleges defendant Cathy Brown "overlooked" his requests to be taken to the hospital. The plaintiff states that he was subsequently given oral antibiotics for the infection in his nose. The factual allegations of the complaint against these medical provider defendants fail to state a violation of a constitutional right. At most, the facts indicate negligence, or medical malpractice, on the part of these defendants, which is not a constitutional violation under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986) (Fourteenth Amendment does not apply to negligence, a breach of duty of care); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The complaint fails to state a violation of a constitutional magnitude, in that the complaint does not allege facts

4

that show the defendants were deliberately indifferent to the plaintiff's serious medical needs.[3]

The plaintiff's third claim is against defendants Anders, Jackson, Powell, Zeigler, and Benfield based on allegations of an illegal search. The plaintiff claims that he opened the door at a house that was not his residence and, upon presenting his identification, the defendants "started coming in the house with no search warrant." Docket No. 1 at 4. The plaintiff alleges the defendants subsequently lied when stating he gave consent for the search. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. In this case, the plaintiff is complaining about an "illegal search" of "someone else's home that wasn't my resident [sic]," where "[t]here was no probable cause to enter the people's house that I was at." Docket No. 1 at 4. Although the Fourth Amendment's protection against an unreasonable search by government agents is broad, it is not unlimited. *U.S. v. Gray*, 491 F.3d 138 (4th Cir. 2007). A person "may have a legitimate expectation of privacy in the house of someone else," *Minnesota v. Carter*, 525 U.S. 83, 89 (1998), but the "Fourth Amendment's protections do not attach to every visitor." *U.S. v. Gray*, 491 F.3d at 145. The plaintiff, of course, maintained a legitimate expectation of privacy in his person within the other person's residence, but he doesn't claim any search of his body. The plaintiff does not clearly establish that he had a legitimate expectation of privacy in the residence itself. His claim fails to establish his status in the

___

[3] "The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee." *Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990)(citing *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988).

5

searched residence, other than being a visitor who opened the door. Accordingly, the complaint fails to state a claim under § 1983.

Finally, the plaintiff includes in his factual allegations against the law enforcement officers a claim for slander. Just as negligence and medical malpractice are claims under state law, so is slander. State law claims of non-diverse litigants can only be heard by this court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). A § 1983 action may not be "based alone on a violation of state law or on a state tort." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988). The plaintiff does not present a viable federal claim, therefore this court should not exercise supplemental jurisdiction over the plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3) (federal courts are permitted to decline supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction.").

The complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

June 25, 2010  
Greenville, South Carolina

s/Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).